## S. D. Russell *v.* L. L. Denson.

[54 South. 439.]

1. Code 1906, Section 593. *Amendments. Code 1906, sections 549 and 550. Quieting title. Dismissed without prejudice.*

Where a party brings his suit under Code 1906, § 549, which provides "that the owner in possession of any land or the owner thereof, who may be out of possession, if there be no adverse occupancy, may file a bill in chancery, etc., when he intended to bring the suit under Code 1906, § 550, which provides for the bringing of a suit by a party in or out of possession, the court on proper showing under the provisions of Code 1906, § 593 should allow the party to amend his bill so as to come under the proper section and not to so allow is reversible error.

2. Same.

Where on sustaining a demurrer to such a bill and a refusal to allow the amendment, the plaintiff asks leave to dismiss his case without prejudice, it is reversible error not to allow him to do so.

Appeal from the chancery court of Jasper county.

Hon. J. R. Byrd, Special Judge.

Suit by S. D. Russell against L. L. Denson. From a decree dismissing complainant's bill he appeals.

*Robt. L. Bullard,* for appellant.

But whether the demurrer ought to have been overruled or not, it was palpable error to refuse complainant leave to amend his bill, or to dismiss it without prejudice. It is inconceivable upon what theory of law, equity, right or conscience the court below so persistently denied to complainant every motion and effort he made to save to himself the right to try with respondent the merits of their conflicting claims. Section 593 of the Code is something more than mere ornament. It commands that "Amendments shall be allowed in the pleadings and pro-

ceedings, on liberal terms, to prevent delay and injustice.''

In vain did this complainant pray the court that he might be allowed the benefit of this statute, that possible injustice might not be done him; that his land might not be stricken from him, without another chance to be heard. That measure of justice, right, and good conscience he now confidently asks of this court, and he respectfully submits that the decree herein ought to be reversed and the demurrer overruled, or that the cause be remanded with leave to amend.

*Deavours & Shands* and *C. W. Thigpen,* for appellee.

We cannot agree with counsel for appellant that it was ''palpable error to refuse complainant the right to amend his bill or to dismiss it without prejudice.''

The demurrer was filed on July 28th, and was not heard until the next day, the 29th, and at that time, after the demurrer had been argued and the court had sustained the same, appellant declined in open court to amend his bill, whereupon judgment final was entered dismissing finally the bill. It would indeed be a novel proceeding if the court could allow an amendment to the original bill under such conditions. All motions made by appellant in the lower court to amend the bill or the decree were made much too late. In the case of *Duggan* v. *Champlain,* 23 So. 179, and 75 Miss. 441, the court held that an offer on the part of the complainant to amend his bill made during the argument of counsel and before judgment, came to late. In the instant case, the argument of the counsel was over, the decree of the court finally dismissing appellant's bill had been entered, and appellant on his motion had been allowed appeal to the supreme court before any motion to amend was made by him.

Counsel for appellant in his brief did not refer to a case and we submit that he cannot cite a case the court

has held that after a final decree dismissing complainant's bill, that the complainant was allowed to amend his original bill, and it is equally preposterous to contend seriously that under such circumstances, the complainant should be allowed the privilege of dismissing a bill without prejudice which the court had already finally dismissed.

But as stated in the early part of this brief, had all of the amendments for which appellant asked, been allowed, he would even then not have had a bill which would stand before the demurrer filed by appellee. Appellee resectfully submits that the decree of the court sustaining the demurrer and dismissing the bill was correct and should be affirmed by this court.

MAYES, C. J., delivered the opinion of the court.

Some time in September, 1909, S. D. Russell commenced a suit in the chancery court for the purpose of having an alleged title to certain lands quieted and confirmed. It is plain that the proceeding was begun under section 549 of the Code of 1906, which provides that "the owner in possession of any land, or the owner thereof who may be out of possession, if there be no adverse occupancy thereof, may file a bill in the chancery court to have his title confirmed and quieted," etc. The bill alleged that the complainant was "the true, legal, and equitable owner of the land, but that the defendant, Denson, is now in possession of the land and claiming to be the owner thereof," etc. It is true that the bill has another prayer, seeking the cancellation of the title of several adverse claimants, and the claimants are not made parties; but it is clear that the proceeding is under section 549 of the Code, and not 550, the latter section applying to suits to remove clouds, and maintainable by a party out of possession or in possession of the property and against an adverse claimant either in or out of possession. This bill was demurred to on many

grounds, both because of ·failure to make all interested persons defendants and because of the allegation that the defendant was in possession of the land, etc. The demurrer was heard on the 29th day of July, 1910, and sustained, and after leave so to do complainant declined to amend. This bill of complaint was then ordered dismissed, and ten days allowed to perfect an appeal to the supreme court. Later on the same day complainant made a motion to vacate the decree dismissing the bill, stating that complainant was under the impression that the bill was filed under section 550 for removing clouds, and that this was the section complainant intended to invoke by the bill of complaint, but through inadvertence brought the suit under section 549. This motion is accompanied by an affidavit, which substantially sets out the above facts. The motion was overruled on the 30th day of July, whereupon a second and a third motion was made. to the same effect, all of which were overruled. After overruling all of the above motions, leave was asked to dismiss the suit without prejudice, and this request was disallowed. From the judgment of the court on various motions an appeal is prosecuted here.

Keeping always in view the fact that the purpose of the organization of courts is to give every citizen an opportunity to fairly litigate his supposed grievances on the merits, and since section 593 of the Code provides that amendments shall be liberally allowed in order to prevent both injustice and delay, we think the court below erred in not allowing complainant to amend and state a cause of action, if he could, and, lastly, in not allowing the bill to be dismissed without prejudice. The court is vested with ample power to prevent its processes from being trifled with, but there is nothing in this record that any such purpose existed on the part of complainant. The court by proper taxation of the cost could have fully protected the defendant from any damage occasioned by the alleged mistake of complainant in

bringing the suit under the wrong section of the Code.
No suitor should ever be defeated of a trial on the merits
of his cause, except in case of inexcusable neglect.

The decree of the chancellor is reversed, and the
cause remanded, with direction to the chancellor to allow
complainant to amend, or dismiss the bill without preju-
dice.                                            *So ordered.*