## McGuire, et al. *v.* Busby

No. 40277          December 17, 1956          91 So. 2d 284

*Gilbert & Cameron, J. E. Palmer,* Meridian, for appellants.

*Robert E. Covington, Jr.,* Quitman, for appellee.

HALL, J.

Mrs. Estelle LaBlanc, Mrs. Loucille McGuire and Mrs. Francis Palmer filed a bill of complaint against Mrs. Alma Busby seeking a partition sale of a house and lot situated in the town of Quitman. The defendant demurred to the bill of complaint and the lower court sustained the demurrer and the case was appealed here under the name of Mrs. Estelle LaBlanc, et al v. Mrs. Alma Busby, and we held in 78 So. 2d 456, that the demurrer was improperly sustained and we reversed and remanded the case to the lower court for a trial on the merits. The bill alleged the description of the property as beginning at the Northeast corner of Lot bought by E. G. and Nettie McRae from Donald and running east 70 feet, south 160 feet, west 70 feet and north 160 feet in Section 14, Township 2, Range 15 east in Clarke County, Mississippi, and referred to a deed to Hardy Palmer dated December 26, 1918, recorded in Book K-1 at page 135. It was alleged and shown that Hardy Palmer never owned but one piece of land in Clarke County. The deed referred to described the land as commencing at the *northwest* corner of lot bought by E. G. McRae of B. H. Donald and then runs by metes and bounds as set out in the original bill and further recites that it is a part of Lot 14 in said Section 2, Township 2, Range 15 east.

At the beginning of the trial counsel for the complainants discovered that he had stated in the bill that the description begins at the northeast corner and he made a motion to amend by changing northeast to northwest. We find no order or statement of the court in the record authorizing this amendment but the briefs agree that the amendment was made and we will assume such to be true. It was shown at the trial that the three complainants were children of Hardy Palmer by his first mar-

riage; that Mrs. Busby is the only child of Hardy Palmer and his second wife Mrs. Mollie Palmer; and, as we held on the former appeal of this case, the complainants and the defendant were tenants in common. Near the conclusion of the trial it developed that the McRaes had not bought any land from Donald but that there was a conveyance from J. E. Massingale and wife to G. C. Kamper. Thereupon counsel for the complainant moved the court for leave to amend the bill of complaint further by substituting the word ''Massingale'' for the word ''Donald''. The court granted this amendment and then counsel for the complainants moved the court for leave to amend the bill so as to embrace a more full and complete description of the land. The court declined to grant this motion and ordered the bill dismissed without prejudice, from which action the complainants appeal.

Section 1302, Code of 1942, in the chapter dealing with chancery courts, provides that ''amendments shall be allowed in the pleadings and proceedings, on liberal terms, to prevent delay and injustice''.

In Griffith's Mississippi Chancery Practice, Section 396, it is said: ''But an amendment so as to conform the pleadings to the evidence should be allowed even at the argument, if the variance be then for the first time discovered, there being no inexcusable negligence and the amendment does not change the substantial nature of the case; and, where both parties have tried the case on the theory and supposition that the pleadings stated the issue as tried, and it is clear that no surprise or injustice would result it is proper even after decision to allow amendments to conform to the case so tried.''

In the case of S. D. Russell v. L. L. Denson, 98 Miss. 859, 54 So. 439, the trial court sustained a demurrer to a bill of complaint and ordered the bill dismissed. On appeal this Court referred to Section 593 of the Code of 1906, which is the same as Section 1302, Code of 1942, and said: ''Later on the same day complainant made a motion

to vacate the decree dismissing the bill, stating that complainant was under the impression that the bill was filed under section 550 for removing clouds, and that this was the section complainant intended to invoke by the bill of complaint, but through inadvertence brought the suit under section 549. This motion is accompanied by an affidavit, which substantially sets out the above facts. The motion was overruled on the 20th day of July, whereupon a second and a third motion was made to the same effect, all of which were overruled. After overruling all of the above motions, leave was asked to dismiss the suit without prejudice, and this request was disallowed. From the judgment of the court on various motions an appeal is prosecuted here.

''Keeping always in view the fact that the purpose of the organization of courts is to give every citizen an opportunity to fairly litigate his supposed grievances on the merits, and since section 593 of the Code provides that amendments shall be liberally allowed in order to prevent both injustice and delay, we think the court below erred in not allowing complainant to amend and state a cause of action, if he could, and, lastly, in not allowing the bill to be dismissed without prejudice. The court is vested with ample power to prevent its processes from being trifled with, but there is nothing in this record that any such purpose existed on the part of complainant. The court by proper taxation of the cost could have fully protected the defendant from any damage occasioned by the alleged mistake of complainant in bringing the suit under the wrong section of the Code. No suitor should ever be defeated of a trial on the merits of his cause, except in case of inexcusable neglect.''

■■ We are of the opinion that the lower court, being a court of equity, should have allowed the bill to be amended as required by Section 1302. Instead of doing this he dismissed the bill without prejudice thus causing a further delay of the case and a possible injustice.

The decree of the lower court is therefore reversed and the cause remanded with leave to the appellants to amend the bill and for a trial on the merits.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie,* JJ., concur.

## ON SUGGESTION OF ERROR

GILLESPIE, J.

■■■ The suggestion of error directs our attention to the erroneous statement in the opinion that the appellee, Mrs. Alma Busby, is the only child of Hardy Palmer and his second wife, Mrs. Mollie Palmer. Our former opinion is accordingly modified so as to state that Mrs. Alma Busby is the child of Mrs. Mollie Palmer by a former marriage and that she is not the child of Hardy Palmer.

Appellee complains of the statement in the opinion as follows: ". . and, as we held on the former appeal in this case, the complainants and the defendants were tenants in common." The former appeal referred to is reported in 78 So. 2d 456. The former appeal was from an order of the lower court sustaining a demurrer to the original bill, and the statement in the opinion on that appeal was based on the assumption that the facts charged in the bill were true. It is manifest from the two opinions on these appeals that there has been no adjudication of any fact on the merits of the case.

Suggestion of error overruled.

*Roberds, P. J.,* and *Hall, Kyle* and *Arrington,* JJ., concur.